IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-68,997-03




EX PARTE JACKIE KAY RIGDON JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 23637-A-1 IN THE 47TH DISTRICT COURT
FROM RANDALL COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to ten years’ imprisonment. He did not appeal his conviction.
            Applicant contends, among other things, that trial counsel failed to discover and the State
failed to disclose that the amount of flooring materials alleged in the indictment was less than
$1,500.00.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Brady v. Maryland, 373 U.S. 83 (1963). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel
and the prosecutor for the State to respond to Applicant’s claims. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether: (1) the
amount of flooring materials was less than $1,500.00; (2) counsel’s conduct was deficient; (3)
Applicant would have pleaded not guilty but for counsel’s conduct; and (4) the State failed to
disclose material exculpatory evidence. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claims
for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 45 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
 
Filed: April 2, 2014
Do not publish